```
           IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF VIRGINIA

                        Alexandria Division

  DEREK N. JARVIS,                )
                                  )
       Plaintiff,                 )
                                  )
           v.                     )    1:17CV378 (JCC/JFA)
                                  )
                                  )
  CITY OF ALEXANDRIA, et al.,     )
                                  )
       Defendants.                )
```

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on the Defendants' Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim. [Dkt. 8.] This motion includes a request for a pre-filing injunction. For the following reasons, the Court will grant Defendants' motion to dismiss. The Court will also schedule a hearing on Defendants' request for an injunction.

### I.   Background

This case is brought by *pro se* Plaintiff Derek N. Jarvis ("Plaintiff" or "Jarvis") against the Alexandria Mayor's Office, City Council, and City Manager[1] (collectively, the

---

[1] Plaintiff's Complaint includes various allegations against different city agencies and their officials. As a result, it is difficult to identify who exactly Plaintiff thinks he is suing. In the case name, for example, he specifically lists the City of Alexandria Mayor's Office, City Council, and City Manager as Defendants. Compl. at 1. Throughout the body of his Complaint, however, he also refers to allegations against county attorneys (a fictitious entity that does not exist) and the city attorney. Because

1

"Defendants") for alleged violations of his constitutional rights, negligence, and fraud. Compl. at 1-3. The following facts are taken from Plaintiff's Complaint and, for the purposes of this motion, are presumed true.

On an unspecified date, Plaintiff visited an unspecified Shell gas station located in the Old Town neighborhood of Alexandria, Virginia. Compl. at 1. While paying for gas, Plaintiff alleges that a Middle Eastern employee at the station referred to him with a racial slur and yelled at him in front of other patrons. *Id.* Plaintiff asserts that he attempted to contact the station's manager and owner after the incident, but neither individual ever responded. *Id.* at 6.

On or about August 13, 2016, Plaintiff filed a complaint with the Office of Human Rights ("OHR") in Alexandria, alleging racial discrimination by the Shell gas station employee. Compl. at 6. Plaintiff claims that OHR's investigation of his complaint lasted approximately two weeks. *Id.* After failing to properly investigate his claim, Plaintiff further alleges that the director of OHR, Jean Kelleher, then informed him that the incident at the gas station did not amount to racial discrimination. *Id.* As a result, she dismissed his complaint. *Id.* Following dismissal, Plaintiff proceeded to

---

Plaintiff served only the Alexandria Mayor's Office, City Council, and City Manager [Dkts. 6, 7], the Court will grant Defendants' motion to dismiss claims against all other city agencies or officials.

contact the City Manager, the Mayor's Office, and the City Attorney for assistance, but found their help unavailing. *Id.*

Plaintiff filed the instant lawsuit on March 30, 2017. [Dkt. 1.] On May 4, 2017, Defendants filed their motion to dismiss for failure to state a claim. [Dkt. 8.] Plaintiff filed his response in opposition on May 18, 2017, [Dkt. 12], to which Defendants replied on May 22, 2017, [Dkt. 13]. On May 26, 2017, Plaintiff requested leave to file a surreply [Dkt. 14], to which Defendants objected [Dkt. 15.] Having waived oral argument, Defendants' motion is now ripe for disposition.

## II. Standard of Review

A. <u>Motion to Dismiss Under Rule 12(b)(6)</u>

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). The Supreme Court has stated that in order "[t]o survive a motion to dismiss, a [c]omplaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual

content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citations omitted). While legal conclusions can provide the framework for a complaint, all claims must be supported by factual allegations. *Id.* Based upon these allegations, the court must determine whether the plaintiff's pleadings plausibly give rise to an entitlement for relief. *Id.* Legal conclusions couched as factual allegations are not sufficient, *Twombly*, 550 U.S. at 555, nor are "unwarranted inferences, unreasonable conclusions, or arguments," *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). The plaintiff, however, does not have to show a likelihood of success; rather, the complaint must merely allege-directly or indirectly-each element of a "viable legal theory." *Twombly*, 550 U.S. at 562-63.

At the motion to dismiss stage, the court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. *Iqbal*, 556 U.S. at 678. Generally, a district court does not consider extrinsic materials when evaluating a complaint under Rule 12(b)(6). It may, however,

consider "documents incorporated into the complaint by reference." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Blankenship v. Manchin*, 471 F.3d 523, 526 n.1 (4th Cir. 2006). In addition, the court may consider documents attached to a defendant's motion to dismiss if those documents are central to the plaintiff's claim or are "sufficiently referred to in the complaint," so long as the plaintiff does not challenge their authenticity. *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396–97 (4th Cir. 2006).

The Court construes the *pro se* Complaint in this case more liberally than those drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Further, the Court is aware that "[h]owever inartfully pleaded by a pro se plaintiff, allegations are sufficient to call for an opportunity to offer supporting evidence unless it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief." *Thompson v. Echols*, No. 99-6304, 1999 WL 717280, at *1 (4th Cir. 1999) (citing *Cruz v. Beto*, 405 U.S. 319 (1972)). Nevertheless, while *pro se* litigants cannot "be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985). Thus, even in cases involving *pro se* litigants, the

5

Court "cannot be expected to construct full blown claims from sentence fragments." *Id.* at 1278. Further, the Court may not construct a plaintiff's legal arguments for him or her. *See, e.g., Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993).

B.  Request for Pre-Filing Injunction

"Federal courts [do] have the authority to issue pre-filing injunctions against vexatious litigants." *Thomas v. Fulton*, 2008 WL 64651, at *1 (4th Cir. Jan. 7, 2008) (citing *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004)). In doing so, however, courts should take care not to "limit [in any way] a litigant's access to the courts absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Cromer*, 390 F.3d at 817–18 (internal quotation marks and citation omitted).

To decide whether to issue a pre-filing injunction, district courts should consider the following factors:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Id.* at 818 (citations omitted). Once a court decides that a pre-filing injunction is warranted, the court "must ensure that

6

the injunction is narrowly tailored to fit the specific circumstances at issue." *Id.* (internal quotation marks and citation omitted). Moreover, before a court issues the pre-filing injunction, it must afford the litigant notice and an opportunity to be heard. *Id.* at 819. This notice must be sufficient to ensure that the litigant has a chance to oppose the court's order before it is entered. *Id.* (internal citations and quotations omitted).

### III. Analysis

A. <u>Motion to Dismiss Under Rule 12(b)(6)</u>

Plaintiff's Complaint alleges the following possible causes of action: (1) unlawful racial discrimination, depriving him of due process and equal protection, in violation of 42 U.S.C. §§ 1981, 1983; (2) negligence; and (3) fraud. Compl. at 2-3. As the Court will further explain, each of these claims is meritless.

Although Plaintiff's Complaint is hard to follow, at its essence, it focuses on OHR's alleged erroneous determination that he had not been the victim of racial discrimination at the Shell gas station. *See id.* at 2. Plaintiff contends that OHR failed to properly investigate his complaint and refused to allow him to rebut the alleged false statements that other individuals had made. *Id.* at 6. Furthermore, Plaintiff argues that the City of Alexandria and its various officials and

7

agencies failed to step in to correct OHR's error after Plaintiff alerted them to the issue. *Id.* at 8. For that reason, Defendant asserts that Defendants infringed upon his constitutional rights, acted negligently, and committed fraud.

Here, because the named defendants are state actors, Plaintiff cannot recover under Section 1981. *See Jett v. Dallas Independent Sch. Dist.,* 491 U.S. 701, 731-35 (1981) (holding when a claim is made against a state actor, § 1983 provides exclusive federal damages remedy for violation of rights guaranteed by § 1981). Accordingly, the Court will dismiss Plaintiff's Section 1981 claim under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Plaintiff's allegations under Section 1983 fare no better. To state a plausible claim for relief against a municipality under § 1983, a plaintiff must show that the city "deprived [him] of a constitutional right through an official policy or custom" adopted and promulgated by municipal officers. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690 (1978). Although Plaintiff's Complaint alleges that the OHR investigation deprived him of due process and equal protection, he fails to allege any specific facts to suggest that OHR's decision to dismiss his complaint was the result of an official custom or policy of favoring respondents in actions claiming racial discrimination. Rather, Plaintiff merely points to an

8

earlier complaint he filed six years ago, which was ultimately dismissed, as proof that OHR has a pattern and practice of condoning racial discrimination. Accordingly, the Court will grant Defendants' motion to dismiss Plaintiff's § 1983 claim.

In addition to Plaintiff's federal law claims, Plaintiff's negligence claim under state law should also be dismissed. In Virginia, the doctrine of sovereign immunity protects municipalities from tort liability arising from the exercise of governmental functions. *Hoggard v. City of Richmond*, 172 Va. 145, 147-48 (1939). "A function is considered governmental if it [involves] the exercise of an entity's political, discretionary, or legislative authority." *Carter v. Chesterfield Cnty. Health Cmm'n*, 259 Va. 527, 590-91 (2000). To put it differently, a municipality engages in a governmental function when it exercises its police powers. *See Edwards v. City of Portsmouth*, 237 Va. 167, 171 (1989).

The function at issue here is the city of Alexandria's investigation of its own human rights ordinance. *See* Alexandria, Virginia, Municipal Code §§ 12-4-1 to 12-4-30. The purpose of this ordinance is to use the city's "police power and all other powers it may possess, to protect the safety, health, peace, good order, comfort, convenience, morals[,] and welfare of its inhabitants, to assure all persons the opportunity to obtain housing, public accommodations, employment, health and

9

social services, credit, education and city contracts without [discrimination]." *Id.* § 12-4-2. The ordinance then delegates the city's investigative powers to the Humans Rights Director. *Id.* § 12-4-14. Given this delegation of police power, the Court finds that the challenged activity was a governmental function. Defendants are, therefore, protected from Plaintiff's lawsuit by the doctrine of sovereign immunity. Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's negligence claim.

Plaintiff's final state law claim, involving allegations of fraud, is equally insufficient to survive a Rule 12(b)(6) motion to dismiss. To properly plead a fraud claim in Virginia, a plaintiff must allege the following: (1) a false representation; (2) of a material fact; (3) made intentionally and knowingly; (4) with intent to mislead; (5) reliance by the party misled; and (6) resulting damage to him. *Van Deusen v. Snead*, 247 Va. 324, 327 (1994) (internal citation omitted). Plaintiff's Complaint alleges with particularity only a single potential instance of fraud. He argues that Defendants purposely misled him regarding the required elements of a § 1981 violation.[2] Plaintiff's Complaint fails to include any facts to

---

[2] Plaintiff also refers generally to OHR as a fraud and calls its resolution of his complaint "bogus" and false. These allegations are nothing more than Plaintiff's own conclusions. He fails to include any specific facts to suggest that OHR's resolution of his complaint included actual false misrepresentations.

10

show that this alleged misrepresentation was made knowingly or intentionally with the purpose of misleading him.  His Complaint likewise fails to allege any reliance upon this representation, as well as the specific damages he suffered as a result.  For that reason, the Court will grant Defendants' motion to dismiss Plaintiff's fraud claim.

B.   Request for Pre-Filing Injunction

At the end of Defendants' motion to dismiss, the parties include a request that this Court declare Plaintiff a vexatious litigant and issue an injunction to prevent Plaintiff from filing any other lawsuit before this Court without first obtaining prior approval.  Mem. in Supp. of Mot. to Dismiss [Dkt. 9] at 11-13.  Because Plaintiff has a right to be heard before any pre-filing injunction is entered, *see Cromer,* 390 F.2d at 819-20, the Court will schedule a hearing on the matter for Thursday, June 22, 2017 at 10 am.

**IV.  Conclusion**

For the foregoing reasons, the Court will grant Defendants' 12(b)(6) motion to dismiss.  Plaintiff's case will be dismissed with prejudice in its entirety.  The Court will also schedule a hearing so that Plaintiff may show cause as to why the recommended pre-filing injunction should not be entered against him.

An appropriate Order will issue.

|  | /s/ |
| --- | --- |
| June 12, 2017 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |