IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| DEREK N. JARVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:17CV378 (JCC/JFA) |
| | ) | |
| | ) | |
| CITY OF ALEXANDRIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on the Defendants' request for a pre-filing injunction. [Dkt. 8.] For the following reasons, the Court will grant Defendants' request and enter a pre-filing injunction against Plaintiff.

### I.  Background

The instant request for a pre-filing injunction arose after *pro se* Plaintiff Derek N. Jarvis ("Plaintiff" or "Jarvis") brought a case against the Alexandria Mayor's Office, City Council, and City Manager (collectively, the "Defendants") for alleged violations of his constitutional rights, negligence, and fraud. Compl. [Dkt. 1] at 1-3. On June 12, 2017, the Court dismissed Plaintiff's case in its entirety for failure to state a claim upon which relief can be granted. Mem. Op. [Dkt. 16.]

The Court presumes familiarity with its prior Memorandum Opinion, which discussed the facts and procedural history of this case at length.

## II. Standard of Review

"Federal courts have the authority to issue pre-filing injunctions against vexatious litigants." *Thomas v. Fulton*, 2008 WL 64651, at *1 (4th Cir. Jan. 7, 2008) (citing *Cromer v. Kraft Foods N. Am., Inc.,* 390 F.3d 812, 817 (4th Cir. 2004)). In doing so, however, courts should take care not to "limit [in any way] a litigant's access to the courts absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Cromer*, 390 F.3d at 817–18 (internal quotation marks and citation omitted).

To decide whether to issue a pre-filing injunction, district courts should consider the following factors:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Id.* at 818 (citations omitted). Once a court decides that a pre-filing injunction is warranted, the court "must ensure that the injunction is narrowly tailored to fit the specific

2

circumstances at issue." *Id.* (internal quotation marks and citation omitted). Moreover, before a court issues the pre-filing injunction, it must afford the litigant notice and an opportunity to be heard. *Id.* at 819. This notice must be sufficient to ensure that the litigant has a chance to oppose the court's order before it is entered. *Id.* (internal citations and quotations omitted).

### III. Analysis

At the end of Defendants' motion to dismiss, the parties include a request that this Court declare Plaintiff a vexatious litigant and issue an injunction to prevent Plaintiff from filing any other lawsuit before this Court without first obtaining prior approval. Mem. in Supp. of Mot. to Dismiss [Dkt. 9] at 11-13. Having reviewed Plaintiff's arguments in opposition to this request [Dkt. 12 at 21], provided Plaintiff with notice and a hearing,[1] and analyzed the relevant factors for this Court to consider prior to issuing an injunction, the Court finds that a pre-filing injunction in this case is warranted.

First, the Court agrees that Plaintiff has a history of vexatious litigation, having now filed over twenty-five meritless lawsuits in Maryland, Pennsylvania, and Virginia.

---

[1] Plaintiff filed a Motion for Reconsideration and Motion to Vacate June 12 Order [Dkt. 18], in which he indicated that he had received notice of the hearing scheduled for June 22, 2017. Plaintiff stated that he would not attend the hearing and accused the Court of "apparent bias and possible collusion and obstruction." *Id.* at 3. True to his word, Plaintiff did not appear to contest the pre-filing injunction.

Plaintiff has demonstrated a pattern of filing these lawsuits, along with numerous motions for reconsideration, appeals to the Fourth Circuit and Supreme Court, and requests for rehearing. In at least one instance, Plaintiff has decided to then sue the judge and personnel in the federal clerk's office. Additionally, Plaintiff has been warned previously by a federal district judge in Maryland about his "pattern of filing frivolous lawsuits in this court, and vexatious filing in those suits," as well as the possibility of a pre-filing injunction. *See Jarvis v. Enterprise Fleet Servs. & Leasing Co.*, 2010 WL 1068146, at *25 (D. Md. Mar. 17, 2010). Despite this admonition, Plaintiff maintains today that "everyone [sic] of [his] cases were [sic] meritorious, and many will be refiled as a result of the obstruction by the Court." Mem. in Opp. [Dkt. 12] at 21. Thus, he appears as committed as ever to filing frivolous lawsuits and motions going forward.

The Court also agrees that Plaintiff lacks a good faith basis for the pleadings he has filed thus far. His Complaint in the instant case is sixteen pages long, a great deal of which appears devoted to harassing Defendants. For example, Plaintiff accuses the city of Alexandria of being a community in which officials "walk[] a confederate [sic] soldier down the streets of Old Town to haunt and offend descendants of slaves." Compl. at 3. He also requests that this Court order

4

reparations from the city in order to correct its "racist legacy of terrorizing and discriminating against the descendants of slaves." *Id.* He accuses OHR of being "a fraud," and insists that living in Alexandria as a black man is an "ongoing nightmare." *Id.* at 1, 5. These sorts of claims, which are unconnected to any of his causes of action, demonstrate his abuse of the right to access courts for appropriate redress.

Third, the Court finds that Plaintiff has become a substantial burden on judicial resources. In over twenty-five lawsuits, the judiciary has had no choice but to wade through his numerous nonsensical *pro se* arguments to determine if any viable claims exist. Thus far, not a single meritorious claim has been found. However, Plaintiff appears unwilling to accept the outcome in these cases, instead finding fault with the judicial system itself. Given this behavior, Plaintiff places a significant strain on the judiciary.

Finally, as mentioned above, the Court finds that Plaintiff is unfazed by the warnings he has already received from the District of Maryland. In fact, Plaintiff seems poised to ignore them entirely. As Plaintiff is indigent, there is no effective alternative sanction, such as holding him in contempt, that would prevent his ongoing conduct.

Accordingly, the Court concludes that a pre-filing injunction to prevent Plaintiff from filing any new lawsuits in

a related action or any other motions in this action without first seeking and obtaining leave of the Court is warranted.

### IV. Conclusion

For the foregoing reasons, the Court will grant Defendants' request for a pre-filing injunction. An appropriate Order will issue.

|  | /s/ |
|---|---|
| June 22, 2017 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |