IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

```
DEREK N. JARVIS,                  )
                                  )
     Plaintiff,                   )
                                  )
          v.                      )    1:17cv378 (JCC/JFA)
                                  )
THE CITY OF ALEXANDRIA,           )
et al.,                           )
                                  )
     Defendants.                  )
```

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiff Derek N. Jarvis' Motion to Reconsider a June 12, 2017 Order dismissing his case for failure to state a claim upon which relief can be granted. [Dkt. 18.] For the following reasons, the Court will deny the motion.

**I. Background**

This case was brought by *pro se* Plaintiff Derek N. Jarvis ("Plaintiff" or "Jarvis") against the Alexandria Mayor's Office, City Council, and City Manager (collectively, the "Defendants") for alleged violations of his constitutional rights, negligence, and fraud. Compl. [Dkt. 1] at 1-3. On an unspecified date, Plaintiff visited an unspecified Shell gas station located in the Old Town neighborhood of Alexandria, Virginia. Compl. at 1. While paying for gas, Plaintiff alleges that a Middle Eastern employee referred to him

1

by using a racial slur and yelled at him in front of other patrons. *Id.*

On or about August 13, 2016, Plaintiff filed a complaint with the Office of Human Rights ("OHR") in Alexandria, alleging racial discrimination by the Shell gas station employee. Compl. at 6. Plaintiff claims that OHR's investigation of his complaint lasted approximately two weeks. *Id.* After failing to properly investigate his claim, Plaintiff alleges that the director of OHR, Jean Kelleher, informed him that the incident at the gas station did not amount to racial discrimination. *Id.* As a result, OHR dismissed his complaint. *Id.* Following this dismissal, Plaintiff proceeded to contact the City Manager, the Mayor's Office, and the City Attorney for assistance, but found their help unavailing. *Id.*

On June 12, 2017, the Court issued a Memorandum Opinion granting Defendants' motion to dismiss Plaintiff's Complaint under Rule 12(b)(6) for failure to state a claim. Mem. Op. [Dkt. 16] at 11. The Court dismissed Plaintiff's Section 1981 claim because his Complaint only included allegations against state actors. *Id.* at 8. As noted in the Court's opinion, Section 1983 provides the exclusive federal damages remedy for alleged violations of Section 1981 by state actors. *Id.* Additionally, the Court found that Plaintiff failed to plead sufficient facts under Section 1983 to support his claim that OHR has an official custom or policy of siding with respondents in cases involving racial discrimination. *Id.* at 8-9.

The Court also dismissed Plaintiff's negligence claim under the doctrine of sovereign immunity. *Id.* at 9-10. Finally, the Court found that Plaintiff's fraud claim failed to include specific factual allegations that the alleged misrepresentation was made intentionally and knowingly, with the purpose of misleading him; that he subsequently relied upon that misrepresentation; and that, as a result, he suffered damages. *Id.* at 10-11.

On June 16, 2017, Plaintiff filed a motion for reconsideration and motion to vacate the Court's June 12 Order. Mot. for Reconsideration [Dkt. 18]. This motion argues that the Court's prior Order is "flawed, fabricated[,] and illegal" and accuses the Court of treason and obstruction of justice, among other things. *Id.* at 1. Defendants filed their memorandum in opposition to this motion, [Dkt. 21], to which Plaintiff replied, [Dkt. 26]. Having been fully briefed on the matter, this motion is now ripe for disposition.

**II. Legal Standard**

Federal Rule of Civil Procedure 59(e) governs this motion to reconsider. A court may amend a judgment under Rule 59(e) in the following three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Amending a judgment "is an extraordinary remedy that

3

should be applied sparingly." *Mayfield v. NASCAR, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012). A reconsideration motion "is inappropriate if it asks the court to 'reevaluate the basis upon which it made a prior ruling' or 'merely seeks to reargue a previous claim.'" *Projects Mgmt. Co. v. DynCorp Int'l, LLC*, 17 F. Supp. 3d 539, 541 (E.D. Va. 2014) (quoting *United States v. Smithfield Foods, Inc.*, 969 F. Supp. 975, 977 (E.D. Va. 1997)).

### III. Analysis

Plaintiff asserts that this Court's prior Memorandum Opinion lacked "any justification or legal basis in federal law." Mot. for Reconsideration at 1. He contends that sovereign immunity "cannot be found in the constitution, not [sic] can it be applied to [it]." *Id.* at 3. Plaintiff also argues that all of his claims were sufficiently pled, as he established that Defendants engaged in fraud by misrepresenting the elements of a Section 1981 claim to him, as well as that Defendants violated OHR's policy of gathering data, such as affidavits, during the course of investigating a human rights complaint. *Id.* at 4. In an effort to convince the Court to adopt his reasoning, Plaintiff also threatens to "file a criminal case under RICO" against the Eastern District of Virginia, and accuses the Court of both obstruction of justice and treason. *Id.* at 1-2. Finally, Plaintiff asserts, without any evidence whatsoever, that this Court somehow colluded with the District of Maryland before

4

deciding to dismiss his Complaint. *Id.* at 2. Presumably, Plaintiff views these perceived errors as a manifest injustice. *Id.*

Having reviewed each of Plaintiff's arguments, the Court finds no reason to reconsider its prior opinion. Plaintiff has made no showing that a manifest injustice has indeed occurred. Rather, the gravamen of his motion to reconsider is that all of his claims are meritorious and were sufficiently pled in his Complaint to survive a Rule 12(b)(6) motion to dismiss. In other words, Plaintiff simply disagrees with this Court's prior ruling. Accordingly, as noted in the June 12 Order that Plaintiff now seeks to vacate, the proper avenue for contesting this Court's dismissal is to appeal the decision to the United States Court of Appeals for the Fourth Circuit by filing a notice of appeal within 60 days.

**IV. Conclusion**

For the foregoing reasons, the Court finds that reconsideration is not warranted. Therefore, the Court will deny Plaintiff's motion.

An appropriate order will issue.

|  | /s/ |
|---|---|
| June 28, 2017 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |